# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**CONNIE FRANCES WHIGUM,**
 **a/k/a Saint Connie Frances Garrison Beck Slack/Slak White Whigum,**
 **a/k/a Connie Whigum Hamilton,**
         **Plaintiff,**

**vs.**                                                                **Case No. 3:10cv442/MCR/MD**

**STATE OF FLORIDA, et al.**
         **Defendants.**

_____

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, has filed a complaint (doc. 1), a motion to proceed *in forma pauperis* (doc. 13), and various other motions and pleadings (docs. 3, 4, 5, 7, 8, 9, 10, 11, 12).  Good cause having been shown, leave to proceed *in forma pauperis* will be granted.  Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim, and that dismissal of this case is warranted.

Since plaintiff is proceeding *in forma pauperis*, the court must review his complaint to determine if it is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  In determining whether the complaint

states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Although difficult to discern, it appears from the complaint (doc. 1), plaintiff's motion titled, "Amended Petition to Invoke All Writs of Jurisdiction" (doc. 3), plaintiff's motion titled, "Request for Criminal, Prosecutory Investigation" (doc. 4), and plaintiff's "Notice to Invoke Discretionary Jurisdiction" (doc. 5), all styled for the United States Supreme Court instead of this court, that plaintiff is seeking the Supreme Court's review of a previous order it issued on January 11, 2010 denying plaintiff's petition for writ of certiorari. Plaintiff also seeks to initiate a criminal investigation and prosecution of various persons, private entities, government agencies and officers arising from plaintiff's prosecution in a state criminal case and her civil commitment.

To the extent plaintiff seeks review of the Supreme Court's order denying her petition for writ of certiorari, this court is without jurisdiction to grant such relief. *See* 28 U.S.C. §§ 1330-1369 (providing bases for district courts' jurisdiction).

To the extent plaintiff seeks to initiate a criminal investigation and prosecution of various persons and entities, she fails to state a claim for relief that is plausible

on its face.  The law is well-settled that a private citizen "has no judicially cognizable interest" in the criminal investigation or prosecution of another.  *Otero v. United States Attorney Gen.*, 832 F.2d 141 (11th Cir. 1987) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973)); *see also Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (holding that a private citizen has no authority to initiate a criminal prosecution); *Sattler v. Johnson*, 857 F.2d 224, 226-27 (4th Cir. 1988) (holding that a private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted); *O'Berry v. State Attorneys Office*, 214 Fed. Appx. 654, 657 (11th Cir. July 23, 2007) (unpublished) (affirming district court's finding that a private citizen cannot force the United States Attorney General to bring a criminal prosecution against another citizen).

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 13) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1.  That this cause be DISMISSED with prejudice.

2.  That all pending motions be DENIED as moot.

3.  That the Clerk be directed to close the file.

At Pensacola, Florida, this 3rd day of November, 2010.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:10cv442/MCR/MD*